IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA K. BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, NEBRASKA, LINCOLN POLICE DEPARTMENT (LPD), and JOHN/JANE DOE OFFICERS,<br><br>Defendants. | **4:25CV3107**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sandra K. Baker, a non-prisoner proceeding in forma pauperis, *see* Filing No. 5, filed her operative Amended Complaint on May 19, 2025. Filing No. 6. The Court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF AMENDED COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Lincoln Police Department ("LPD"), the Lancaster County Sheriff's Department ("LCSD"), and "John/Jane Doe Officers," who are described as "30+ officers from LPD and LCSD who violated Plaintiff's rights." Filing No. 6 at 2. Plaintiff's factual allegations relate to various events spanning in time from 1992 to April 2025, which the Court summarizes in the order Plaintiff alleged the events in her Amended Complaint.

On January 28, 2025, LCSD denied Plaintiff's firearm permit renewal, falsely claiming Plaintiff had a domestic violence conviction but then inconsistently claiming that either the records or the conviction itself were "purged." *Id.* Plaintiff claims no such

conviction exists and the "denial constitutes retaliatory deprivation of Plaintiff's Second Amendment rights and due process violations." *Id*.

Plaintiff alleges that between 2023 and 2025 the police retaliated against her and failed to take appropriate action regarding Plaintiff's reported complaints. For instance, in "Fall 2023/2024," police refused to arrest or cite a Lyft driver who refused to take Plaintiff and her disabled brother to their apartment, threatened, "I know where I can take you," and drove erratically, despite Plaintiff's kidnapping report. *Id*. LPD officers also dismissed Plaintiff's complaint that "[r]epossession agents unlawfully entered Plaintiff's closed garage" to illegally repossess a car and refused to investigate or cite the agents. *Id*. at 3. On April 4, 2025, "Plaintiff's daughter assaulted her and her granddaughter. Police arrested the daughter but released her after running Plaintiff's name, instead citing Plaintiff for 'disturbing the peace.'" *Id*. The officers also ignored Plaintiff's "grandchildren's abuse allegations, falsely claiming Plaintiff 'coached' the granddaughter." *Id*. Also in April 2025, police falsely claimed they were on scene after a supervisor allegedly called 911 for Plaintiff's suicidal granddaughter, but no officers or EMTs arrived.

Plaintiff next complains of two alleged medical neglect and hospital abuse incidents. In 2021, police refused to intervene when "[n]urses sought to halt Plaintiff's brother's anti-rejection medication unlawfully." *Id*. In 2024, "[h]ospital staff restrained Plaintiff's brother in a dangerous position. Police dismissed her complaint as 'he-said-she-said.'" *Id*.

Finally, Plaintiff alleges a "historical pattern of discrimination" between 1992 and 2018 based on police and officers ignoring evidence of domestic violence and "allow[ing]

a husband to violate a protection order" in the 2010s and dismissing reports of teacher abuse of Plaintiff's grandson in the 2010s and 2018. *Id.* (capitalization omitted).

Based on these factual allegations, Plaintiff alleges the following three claims:

COUNT 1: 42 U.S.C. § 1983 (Equal Protection + Due Process Violations)

- Theory: Systemic discrimination against Plaintiff as a Black woman, including:

    o Retaliatory firearm permit denial (LCSD).

    o Failure to investigate crimes against Plaintiff.

    o Disparate enforcement of laws.

COUNT 2: First Amendment Retaliation

- Pattern: Punishing Plaintiff for reporting crimes (e.g., citations after complaints).

COUNT 3: Second Amendment Violation (LCSD)

- Theory: Unconstitutional denial of firearm permit without due process.

*Id.* at 3–4. Plaintiff seeks declaratory and injunctive relief and $10,000,000 in damages.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

3

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  ANALYSIS OF CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, LPD and LCSD must be dismissed as defendants and Plaintiff fails to state a claim for relief against the John/Jane Doe Officers.

**A. Claims against LPD and LCSD**

Plaintiff names LPD and LCSD as defendants in her Amended Complaint, but her § 1983 claims cannot proceed against these defendants because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). Accordingly, LPD and LCSD will be dismissed as parties to this action.

**B. Claims against John/Jane Doe Officers**

Plaintiff also names the "John/Jane Doe Officers" as defendants, characterizing them as over 30 LPD and LCSD officers "who violated Plaintiff's rights," Filing No. 6 at 2, but these defendants are not otherwise identified. "'[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to

5

permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).    The allegations in Plaintiff's Complaint regarding these Doe Officer defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties.    *See id*.    The Complaint "does not sufficiently allege who [these] Defendants are, what they allegedly did, what their position is for the City [or County], or any other facts that would permit [them] to be noticed or identified through discovery." *Id*.

Additionally, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).    A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.    *Iqbal*, 556 U.S. 662, 676 (2009).    Here, Plaintiff's Amended Complaint consists almost entirely of vague, conclusory allegations and fails to provide enough factual detail to show that any of the Doe Officer defendants were personally involved in the alleged misconduct or that any of them deprived her of her constitutional rights.    Plaintiff also does not plead any facts that tie any of the Doe Officer defendants' actions to her race or that show Plaintiff was treated differently from any similarly situated non-Black individuals.

Thus, as pleaded, Plaintiff's Amended Complaint does not contain sufficient facts to state plausible claims for relief against the John/Jane Doe Officers nor to permit these defendants to be identified.    The Court will give Plaintiff leave to amend her Amended Complaint to identify by name the members of the LPD and the LCSD she alleges violated

6

her constitutional rights or, if Plaintiff is unable to name the defendants, to provide sufficient factual detail to allow each defendant to be identified.  In amending her pleading, Plaintiff should keep the following discussion in mind.

## C. Considerations When Amending

### 1. Statute of Limitations

Plaintiff's Amended Complaint refers to several events occurring long before Plaintiff filed this action in May 2025, which raises a statute of limitations issue.  The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U. S. 384, 387 (2007).  In Nebraska, § 1983 actions are limited by a four-year statute of limitations.  *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207.  Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413.  The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.  *Wallace*, 549 U.S. at 388.  Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim.  *Id.* at 391.  Thus, any of Plaintiff's claims that accrued more than four years before Plaintiff filed this action would be time-barred.

### 2. Claims on Behalf of Family Members

To the extent Plaintiff may be seeking relief based on injuries to her brother or grandchildren, she lacks standing to do so.  "Courts have held that it is a 'well-settled

7

principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.'" *Burgess v. City of Sioux Falls*, No. CIV 17-4027, 2018 WL 2305668, at *6 (D.S.D. May 21, 2018) (quoting *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (holding that son had no liberty interest to be free of emotional trauma suffered from observing allegedly excessive police force which was directed entirely at his father)); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner lacked standing to seek an injunction against mistreatment of other prisoners).  Nor can Plaintiff, as a nonlawyer, represent her family members in federal court.  *See, e.g.*, *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted).

### 3. Officers' Failure to Investigate or Act on Plaintiff's Reports

Lastly, Plaintiff's allegations against officers for failing to investigate her complaints or arrest or cite other individuals based on her reports fail to state a claim for relief as pleaded.

> In the absence of allegations that the police officers' failure to investigate violated Plaintiff's right to equal protection or that the failure to investigate violated Plaintiff's right to due process because the lack of investigation was intentional or reckless, thereby "shocking the conscience"—none of which is alleged here—Plaintiff cannot state a claim against individual . . . police officers.

*Gerlach v. Omaha Nebraska Police Dep't*, No. 8:19CV67, 2019 WL 1207178, at *2 (D. Neb. Mar. 14, 2019) (citing cases).  Here, Plaintiff does not allege any facts in support of her conclusory assertions that police failed to investigate crimes against Plaintiff for discriminatory reasons in violation of equal protection or intentionally or recklessly in violation of due process.  Also, "Plaintiff does not have a right to compel a criminal

8

investigation or prosecution." *Richter v. Sprint/VMUSA*, No. 8:19CV223, 2019 WL 3859796, at *3 (D. Neb. Aug. 16, 2019) (citing *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009)), *aff'd*, 784 F. App'x 979 (8th Cir. 2019); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  If Plaintiff chooses to amend these claims, she must allege sufficient facts, not conclusions, to support a plausible equal protection and/or due process claim.

## IV.  CONCLUSION

Plaintiff cannot proceed against LPD and LCSD in this § 1983 action and those defendants will be dismissed as parties to this action.  Plaintiff's Amended Complaint fails to state plausible claims for relief against the John/Jane Doe Officers and does not contain sufficient facts to proceed against these unidentified defendants.  On the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states her constitutional claims against specific defendants.  The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name or must allege sufficient facts from which the defendant's identity can be determined, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant.  To be clear, Plaintiff's amended complaint must restate the relevant allegations of her operative Amended Complaint, Filing No. 6, and any new allegations.  Plaintiff should be mindful to explain what each defendant did to her, when the defendant did it, and how the defendant's actions harmed her.  Plaintiff is warned that any amended complaint she files will supersede, not

supplement, her prior pleadings.  Plaintiff is encouraged to use the court-approved form to draft her amended complaint, which the Clerk of the Court will provide to her.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after she files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1.    Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.   Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In her amended complaint, Plaintiff must identify each defendant by name or provide sufficient identifying information and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant.   Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when the defendant did it, and how the defendant's actions harmed her.

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Amended Complaint, Filing No. 6, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3.    The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

10

4.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 9, 2026**: deadline for amended complaint.

5.    The Clerk of Court is directed to send to Plaintiff the Form Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner).

6.    Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 8th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge